UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TREQUAN RIDDLE (#811130),

                                                  CASE NO. 2:14-CV-11092
                 Plaintiff,          JUDGE DAVID M. LAWSON
                                                  MAGISTRATE JUDGE PAUL J. KOMIVES

v.

STEVEN RIVARD,
OFFICER TCHARZYNSKI,
OFFICER TULLAR,
OFFICER KIRKAU,
OFFICER THAILEN and
K. PARSONS,

               Defendants,
                                        /

### ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S JULY 10, 2014 MOTION FOR APPOINTMENT OF COUNSEL (Doc. Ent. 20) and DIRECTING PLAINTIFF TO FURTHER IDENTIFY DEFENDANT THAILEN

**A.    This case was originally filed in the Western District of Michigan.**

Trequan Riddle (#811130) is currently incarcerated at the Michigan Department of Corrections (MDOC) Macomb Correctional Facility (MRF). Doc. Ent. 7; *see also* www.michigan.gov/corrections, "Offender Search."

On February 5, 2014, while incarcerated at Woodland Center Correctional Facility (WCC) in Whitmore Lake, Michigan, plaintiff filed the instant civil rights complaint, pro se, against the MDOC, MDOC Director Daniel H. Heyns, the St. Louis Correctional Facility (SLF), SLF Warden Steven Rivard, SLF Officers Tchorzynski, Tullar, Kirkau and Thailen, and SLF Grievance Coordinator K. Parsons. Case No. 1:14-cv-00123 (W.D. Mich.). Among other things, plaintiff alleges:

•     All defendants conspired to make [SLF] an unsafe, hostile, and corrupt institution.

- Officer Tchorzynski made verbal threats, physically assaulted, and regularly ha[r]assed plaintiff.
- Officer Tullar falsified misconduct document and wrongfully placed Plaintiff in administrative segregation.
- Officers Thailen and Kirkau threatened to place knives in plaintiff[']s area of control & get criminal charges brought against plaintiff for said knives.
- All defendants conspired to put plaintiff[']s life in danger by returning him to [SLF] on October 23rd[,] 2013[.]
- All defendants['] actions caused a [volatile], hostile, corrupt environment that caused plaintiff undue stress and mental anguish and defendants Parsons & Heyns repeatedly tried to cover up defendants['] a[c]tions and deny plaintiff access to the grievance process and his constitutional right to due process[.]

Doc. Ent. 1 at 2 ¶¶ 7-12.  Plaintiff seeks monetary relief and the appointment of a special master "to review/oversee conditions at [SLF], plus fees and costs[.]" Doc. Ent. 1 at 2.

Plaintiff was granted in forma pauperis status on February 28, 2014.  Doc. Ent. 3.  On March 12, 2014, Judge Neff entered an order of partial dismissal and transfer (Doc. Ent. 2), by which defendants MDOC, Heyns and SLF were dismissed and the remainder of this case was transferred to this Court.

**B.     There are six (6) remaining defendants, five (5) of whom have been served.**

On May 20, 2014, Judge Lawson entered an order (Doc. Ent. 11) directing the U.S. Marshal to effect service.  Waivers sent to Steven Rivard (Doc. Ent. 14), Kathleen Parsons (Doc. Ent. 16), Kirk Kerdau (Doc. Ent. 17), Tullair (Doc. Ent. 18) and Daniel Tchorzynski (Doc. Ent. 19) were returned executed, and these defendants' answers are due on July 29, 2014.

On June 19, 2014, the Court was informed that, while there is not an Officer Thailen employed at SLF, there are three (3) employees with the last name Thelen.  *See* Doc. Ent. 15.

**C.     Instant Motion**

On May 20, 2014, this case was referred to me for pretrial matters.  Doc. Ent. 12. Currently before the Court is plaintiff's July 10, 2014 motion for appointment of counsel.  Doc.

Ent. 20.  Having reviewed plaintiff's motion (Doc. Ent. 20 at 1-2), the brief in support (Doc. Ent. 20 at 3-6), the proofs of service (Doc. Ent. 20 at 7-8) and the notice (Doc. Ent. 20 at 9), I conclude that plaintiff's motion should be denied at this time.

**D.     Order**

Upon consideration, plaintiff's July 20, 2014 motion for appointment of counsel (Doc. Ent. 20) is DENIED WITHOUT PREJUDICE to renewal if this case survives dispositive motion practice or if other circumstances warranting the appointment of counsel arise.

Additionally, within fourteen (14) days of the date of this order, plaintiff is DIRECTED to further identify the defendant named as "Officer Thailen."

**IT IS SO ORDERED.**

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of service of a copy of this order within which to file an appeal for consideration by the district judge under 28 U.S.C. § 636(b)(1).


Dated: July 15, 2014          s/Paul J. Komives
                              PAUL J. KOMIVES
                              UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on July 15, 2014, electronically and/or by U.S. Mail.

                              s/Michael Williams
                              Case Manager for the
                              Honorable Paul J. Komives