UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TREQUAN RIDDLE,

        Plaintiff,

v.

        Case Number 14-11092
        Honorable David M. Lawson
        Magistrate Judge Paul J. Komives

STEVEN RIVARD, OFFICER
TCHORZYNSKI, OFFICER TULLAR,
OFFICER KIRKAU, OFFICER
THAILEN, and K. PARSONS,

        Defendants.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT

On February 5, 2014, plaintiff Trequan Riddle, a prisoner currently residing at the Macomb Correctional Facility in New Haven, Michigan, filed his *pro se* civil rights complaint against the defendants. The events allegedly occurred while the plaintiff was confined at the St. Louis Correctional Facility in St. Louis, Michigan. The plaintiff initially filed his complaint in the United States District Court for the Western District of Michigan. That court dismissed the plaintiff's claims against the Michigan Department of Corrections (MDOC), MDOC Director Daniel Heyns, and the St. Louis Correctional Facility, then transferred the case to this district. The defendants that now remain are Warden Steven Rivard, Corrections Officers Tchorzynski, Tullar, Kirkau, and Thailen, and Grievance Coordinator K. Parsons. The plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. The Court has screened the complaint pursuant to its duty under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) and now finds that it must be dismissed because it fails to state any plausible claim upon which relief may be granted under 42 U.S.C. § 1983.

I.

In his one-page complaint, the plaintiff alleges that Officer Tchorzynski "made verbal threats, physically assaulted, and regularly harassed" him, that Officer Tullar "falsified [a] misconduct document and wrongfully placed [him] in administrative segregation," that Officers Thailen and Kirkau "threatened to place knives in [his] area of control and get criminal charges brought against [him] for said knives," and that Grievance Coordinator K. Parson "repeatedly tried to cover up defendants' actions and deny [him] access to the grievance process." He further alleges that all of the defendants "conspired to make St. Louis Correctional Facility an unsafe, hostile, and corrupt institution," "conspired to put [his] life in danger by returning him to St. Louis Correctional Facility on October 23, 2013," and "caused a volatile, hostile, corrupt environment that caused [him] undue stress and mental anguish." The plaintiff seeks monetary damages and injunctive relief.

II.

When a plaintiff asks the court to waive fees and costs because he cannot afford to pay them, the court has an obligation to screen the case for merit and dismiss the case if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). In addition, Congress mandated in the Prison Litigation Reform Act (PLRA) that the Court screen for colorable merit every prisoner complaint filed against a state or governmental entity. 28 U.S.C. § 1915A(a) ("The court *shall* review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a

complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." (emphasis added)).

Although a *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), such complaints still must plead facts sufficient to show a redressable legal wrong has been committed. Fed. R. Civ. P. 12(b)(6); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001). "The leniency granted to *pro se* [litigants] . . . is not boundless." *Martin v. Overton*, 391 F.3d. 710, 714 (6th Cir. 2004). The screening mandated by Congress in section 1915(e)(2) includes the obligation to dismiss civil complaints filed by prospective *pro se* filers if they "fail to state a claim upon which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal on the Court's initiative is appropriate if the complaint lacks an arguable basis when filed. *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)). The plaintiff must establish the liability of each individual defendant by that person's own conduct. "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

III.

The plaintiff's complaint is subject to dismissal under sections 1915(e)(2)(B) and 1915A(a) for several reasons. *First*, the complaint fails to set forth sufficient facts plausibly to allege a claim for excessive use of force. In his complaint, the plaintiff alleges only that Officer Tchorzynski "physically assaulted" him. The Eighth Amendment protects prisoners from the use of excessive force and unwarranted physical assaults by prison officials. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994) (citing cases). However, the complaint provides no specific facts to support this claim. The plaintiff does not state where or when the alleged assault occurred, what conduct constituted the assault, or any other details of the incident. It is well established that conclusory allegations without material supporting facts are insufficient to state a claim under section 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009); *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *Tillman v. Huss*, No. 13-297, 2013 WL 4499228, *10 (W.D. Mich. Aug. 19, 2013) (dismissing vague allegation of physical assault by prison official); *Theriot v. Durano*, No. 12-11629, 2012 WL 2013039, *2 (E.D. Mich. June 5, 2012) (same).

*Second*, the plaintiff's allegations that Officers Tchorzynski, Thailen, and Tullar verbally threatened and harassed him are insufficient as a matter of law to state a plausible claim under section 1983. *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987). Verbal threats of a future physical assault directed at an inmate by a corrections officer do not violate an inmate's constitutional rights. *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004); *see also Carney v. Craven*, 40 F. App'x 48, 50 (6th Cir. 2002) (holding that verbal threats and abuse made in retaliation for filing grievances are not actionable).

*Third*, the allegations that officers filed false misconduct tickets against the plaintiff are insufficient as a matter of law to state a plausible claim for relief under section 1983. The plaintiff alleges that Officer Tullar falsified a misconduct document and wrongfully placed him in administrative segregation. But false accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the charges are adjudicated after a proper administrative hearing. *See Cale v. Johnson*, 861 F.2d 943, 953 (6th Cir. 1988) (Nelson, J., concurring); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986). The plaintiff does not allege that his rights were violated during any disciplinary proceedings. The minimum due process requirements for a prison disciplinary hearing are: (1) written notice of the charges before the hearing; (2) an opportunity to call witnesses and present evidence at the hearing; (3) an impartial hearing body; and (4) a written statement of the evidence relied upon and the reason for any action taken. *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974). The decision of a prison disciplinary body also must be supported by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985). The plaintiff does not allege any facts to show a violation of these standards, and his allegation that the initial report of misconduct was false is insufficient on its own to support a plausible claim for relief under section 1983. *See Jackson v. Madery*, 158 F. App'x 656, 662-63 (6th Cir. 2005) (citing *McMillan v. Fielding*, 136 F. App'x 818, 820 (6th Cir. 2005); *Cromer v. Dominguez*, 103 F. App'x 570, 573 (6th Cir. 2004)). Moreover, a prisoner has no liberty interest in remaining free of administrative segregation, because segregation for a finite period does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (30 days in segregation did not constitute atypical and significant hardship); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (loss of privileges and placement in segregation does not implicate a liberty interest sufficient to invoke the

-5-

Due Process Clause); *Jones v. Baker*, 155 F.3d 810, 812-13 (6th Cir. 1998) (2 1/2 years in segregation during riot investigation did not deprive prisoner of liberty interest without due process).

*Fourth*, the allegations that Grievance Coordinator K. Parsons tried to cover up the defendants' actions and denied the plaintiff access to the grievance process are both unsupported and insufficient as a matter of law to state any plausible claim for relief. The plaintiff does not allege what actions, if any, Parsons took, or failed to take, to intentionally deny him access to the grievance procedure. As noted above, conclusory allegations without factual support are insufficient to state a plausible claim for relief under section 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El*, 523 U.S. at 588; *Moldowan*, 578 F.3d at 390-91; *Lanier*, 332 F.3d at 1007. Moreover, a prisoner does not have a constitutionally protected interest in access to any particular inmate grievance procedure. *Walker v. Michigan Dep't of Corrections*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (collecting cases). A prisoner has a First Amendment right to file grievances against prison officials, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), but the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief, *Smith v. Arkansas State Hwy. Empl., Local 1315*, 441 U.S. 463, 464-65 (1979); *see also Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views."). The allegations that Parson failed to conduct an effective investigation of the plaintiff's complaints or failed to respond to his grievances therefore are insufficient as a matter of law to state a plausible claim for relief under the First Amendment or section 1983. *Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 766-67 (E.D. Mich. 2009).

-6-

*Fifth*, because the plaintiff's underlying allegations are insufficient to state any plausible claims for relief based on the conduct alleged, the claim that the defendants conspired to violate his constitutional rights also must be dismissed. "A civil conspiracy is an agreement between two or more persons to injure another by unlawful action." *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985). "Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy," and "[e]ach conspirator need not have known all of the details of the illegal plan or all of the participants involved." *Id.* at 944. "All that must be shown is that there was a single plan, that the alleged [conspirators] shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Ibid.* However, a plaintiff must plead allegations of conspiracy with "some degree of specificity." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Like his other claims, the plaintiff's allegations of conspiracy are vague, conclusory, and unsupported by any specific, material facts. Moreover, because none of the alleged acts by the individual defendants constituted an actionable deprivation of the plaintiff's rights under section 1983, he has failed sufficiently to allege the commission of any overt act that caused him a constitutionally cognizable injury.

## IV.

The complaint fails to state any plausible claim for relief, and it therefore must be dismissed under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(a).

Accordingly, it is **ORDERED** that the order of reference to the magistrate judge entered on May 20, 2014 is **VACATED**.

It is further **ORDERED** that the complaint is **DISMISSED** with prejudice.

It is further **ORDERED** that the defendants' motion to dismiss [dkt. #24] and the plaintiff's motion for discovery [dkt. #28] are **DISMISSED** as moot.

                                               s/David M. Lawson
                                               DAVID M. LAWSON
                                               United States District Judge

Dated:   January 6, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 6, 2015.

                     s/Susan Pinkowski
                     SUSAN PINKOWSKI